■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. KENNIE, Appellant. [655 NYS2d 431] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cirigliano, J.), rendered January 13, 1995, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in failing to determine if the reasons the prosecutor offered for exercising peremptory challenges against three black females were pretextual was not preserved for appellate review because the defendant never raised the issue before the trial court (*see, People v Allen,* 86 NY2d 101, 111).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW KING, Appellant. [655 NYS2d 432] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered June 9, 1994, convicting him of burglary in the third degree, criminal possession of stolen property in the fifth degree, petit larceny, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, including those involving eyewitness identification testimony, are questions to be determined by the jury, which saw and heard the witnesses (*see, People v Caban,* 120 AD2d 603). Its determination is accorded great weight on appeal and will not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Rosenblatt and Miller, JJ., concur.